# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MANGLESHWAR D. MATHUR** | ) | **Case No. 1:10-CV-00121-CAB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE CHRISTOPHER BOYKO** |
| | ) | **(MAGISTRATE JUDGE McHARGH)** |
| **MERIAM PROCESS TECHNOLOGIES** | ) | |
| | ) | |
| **Defendant.** | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

McHARGH, Mag.J.

Currently before the Court is the Defendant's motion to dismiss the Plaintiff's intentional infliction of emotional distress claim on the grounds that the Plaintiff lacks the facial plausibility and legal sufficiency necessary to withstand a motion to dismiss. (Doc. 8). Defendant argues that Ohio courts narrowly define "extreme and outrageous" conduct as applied to the second element of the intentional infliction of emotional distress prima facie case; and here, Plaintiff was unable to meet Ohio's high burden. *Id.* Further, Defendant claims that the Plaintiff failed to allege any facts that indicate that the emotional distress that the Plaintiff faced was so serious that no reasonable person could be expected to endure it. *Id.*

On January 28, 2009, pro se Plaintiff, Mangleshwar D. Mathur, a 69 year-old, India native was terminated from his position as software developer/technician at Meriam Process Technologies ("MPI"). On March 27, 2009, Plaintiff initiated a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated from MPI because of his age and national origin. The EEOC validated his claim for facial plausibility and investigated the discrimination

charge under Title VII of the Civil Rights Act and Age Discrimination Act. On September 19, 2009,

the EEOC dismissed Plaintiff's complaint and apprised him of his legal rights to pursue further

action in court.

Pursuant to the EEOC's Notice of Suit Rights letter, the Plaintiff filed a complaint alleging

employment discrimination in the Cuyahoga County Court of Common Pleas. On January 19, 2010

the Defendant, MPI's motion for removal to Federal Court was granted. (Doc. 1). Later, on January

22, 2010, Defendant filed a FRCP 12(b)(6) Motion to Dismiss the Plaintiff's Complaint for failure

to state a claim upon which relief may be granted. (Doc. 4). But, during a status conference on May

12, 2010, Magistrate Judge Kenneth S. McHargh ordered the Plaintiff to either file a response to the

motion to dismiss or file an amended complaint by June 6, 2010. (Doc. 7). Plaintiff's amended

complaint was filed on June 4, 2010, followed by the Defendant's second 12(b)(6) Motion to

Dismiss on June 18, 2010. (Doc. 8). On July 2, 2010, the Plaintiff filed a Memorandum in

Opposition to the Defendant's Motion to Dismiss. (Doc. 9). And on July 9, 2010, the Defendant filed

a reply brief in response to the Plaintiff's opposition brief. (Doc. 10).

## FRCP 12(b)(6) STANDARD

Pursuant to FRCP 12(b)(6), a motion to dismiss shall be granted if the complaint fails to state

a claim upon which relief may be granted. When presented with a 12(b)(6) motion, the court must

accept the allegations in the complaint as true and evaluate the legal sufficiency of the claim in a

light most favorable to the plaintiff. *Franklin Park Lincoln-Mercury*, *Inc*. *v*. *Ford Motor Company*,

2010 WL 2650041, at *2 (N.D. Ohio 2010). A complaint does not have to describe specific detailed

factual allegations, but it must contain more than mere "labels and conclusions" or "a recitation of

the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally,

a complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is "facially plausible" if the plaintiff can successfully plead factual content that will induce the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.*

ANALYSIS

Generally, Ohio courts have established a high burden for Plaintiffs who assert intentional infliction of emotional distress claims. To succeed with an intentional infliction of emotional distress claim, a plaintiff must establish that: 1) the defendant intended, knew or should have known that his actions would cause the plaintiff emotional distress; 2) the defendant's conduct was so "extreme and outrageous as to go beyond all possible bounds of decency and was such that it could be considered as utterly intolerable in a civilized community"; 3) the defendant's actions were the proximate cause of the plaintiff's harm; and 4) the plaintiff's emotional harm is so severe that no reasonable person would be expected to endure it. *Hale v. Village of Madison*, 493 F.Supp.2d 928, 940 (N.D. Ohio 2007). In Ohio, when analyzing extreme and outrageous conduct, the courts are guided by Restatement (Second) of Torts § 46 where liability would only be found if the conduct was so outrageous that if the facts were repeated to the average member of society, he would have resentment toward the actor and yell "Outrageous." *Id.*

In this case, the Plaintiff alleged intentional infliction of emotional distress twice in his complaint; first, in paragraph 7:

> Though Plaintiff was covered by Medicare yet he subscribed to the company sponsored Medical Insurance only for his spouse's sake. Mr. Davis knew about it. The loss of Medical Insurance cover for his spouse caused **immense emotional distress to the Plaintiff.** The **adverse employment action terminating Plaintiff** from service was deliberate, discriminatory and **an intentional infliction of emotional distress.**

(Doc. 7, Am. Compl.).

And, later in paragraph 11, Plaintiff alluded to an award of damages for his "suffered [] loss in income, mental anguish, and humiliation, a loss of self-esteem and depression." Throughout his complaint, the Plaintiff states that he has suffered from emotional distress because his wife lost her medical coverage and he lost his job due to deliberate discrimination. (Doc. 7). While abrupt loss of medical insurance may be inconvenient and possibly emotionally draining, the Plaintiff failed to prove the four elements of his prima facie case for intentional infliction of emotional distress.

First, Plaintiff successfully asserted the first element of the intentional infliction of emotional distress claim. (Doc. 7). The Defendant knew or should have known that terminating the Plaintiff would cause some emotional harm. *Hale v. Village of Madison,* 493 F.Supp.2d 928, 941 (N.D. Ohio 2007). In the current economic climate, any reasonable person would suffer from emotionally distress after losing gainful employment or medical coverage; thus, it would be appropriate to deduce that Mr. Davis knew or had reason to know that terminating the Plaintiff would cause the emotional harm.

However, the Plaintiff did not successfully plead the second element of his prima facie case. (Doc. 7). Based on Ohio law, after establishing that the Defendant knew or should have known his actions would result in the potential harm, the Plaintiff must prove that the Defendant participated in "extreme and outrageous" conduct. In Ohio, "extreme and outrageous conduct" standards require that Defendant's the conduct was so unreasonable that his actions would be completely intolerable in a civilized society. *Hill v. Airtran Airways, Inc.* 2009 WL 1850194, at *14 (S.D. Ohio 2009). Unfortunately for the Plaintiff, if the average reasonable person heard a brief overview of the Defendant's conduct, he would not yell outrageous because the termination of an at-will employee is neither unusual nor shocking. *Hale v. Village of Madison,* 493 F.Supp.2d 928, 941 (N.D. Ohio 2007). An employer has the right to terminate an at-will employee at any time. If the court were to

assign an "extreme and outrageous" label to the termination of an at-will employee, the court would be establishing an open-ended precedent that would allow for any employee to sue and recover damages upon termination. The court is not willing to head down that slippery slope.

The Plaintiff must also prove that the Defendant's actions were the proximate cause to his harm. *Hale v. Village of Madison,* 493 F.Supp.2d 928, 941 (N.D. Ohio 2007). As stated previously, a reasonable person would deduce that termination from gainful employment may result in emotional distress. In this case, the Defendant's actions may be viewed as being the proximate cause of the Plaintiff's emotional distress.

Lastly, the Plaintiff must establish that the harm that he experienced was so severe that no reasonable person would be expected to endure such pain. *Hale v. Village of Madison,* 493 F.Supp.2d 928, 941 (N.D. Ohio 2007). Although the loss of employment and medical insurance may be interpreted as severe, a reasonable person should be expected to endure that pain. Daily, people are terminated or laid off due to various reasons; it is not fair to assess that no reasonable person would be expected to endure the pain associated with termination because it happens frequently. Similarly, there are millions of people without medical insurance around the world; thus, millions of people are expected and do endure that pain every day.

In conclusion, although it is unfortunate that the Plaintiff was terminated and his wife's medical insurance was cancelled, the Plaintiff did not successfully prove the four prima facie elements that were necessary for an intentional infliction of emotional distress claim. Accordingly, the Plaintiff, Mr. Mathur's intentional infliction of emotional distress claim against the Defendant, MPI, must fail as a matter of law.

Defendant's motion to dismiss the intentional infliction of emotional distress claim should be granted because the Plaintiff failed to establish two of the four necessary elements of his prima

facie case. (Doc. 8). Plaintiff failed to prove that the Defendant performed "extreme and outrageous" conduct and that a reasonable person would not be expected to endure such pain. (Doc. 7).

<u>RECOMMENDATION</u>

It is recommended that the defendant's motion to dismiss (Doc. 8) should be granted as outlined above.

Dated: <u>July 13, 2010</u>                    <u>  /s/ Kenneth S. McHargh     </u>

                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).