**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MANGLESHWAR D. MATHUR,** | ) | **CASE NO. 1:10CV121** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **MERIAM PROCESS TECHNOLOGIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

> This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge, recommending Defendant's Motion to Dismiss be granted.. For the following reasons, the Court ADOPTS the Report and Recommendation and GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

> On January 28, 2009, pro se Plaintiff, Mangleshwar D. Mathur, a 69 year-old, India native was terminated from his position as software developer/technician at Meriam Process Technologies ("MPI"). On March 27, 2009, Plaintiff initiated a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that he was

terminated from MPI because of his age and national origin. The EEOC validated his claim for facial plausibility and investigated the discrimination charge under Title VII of the Civil Rights Act and Age Discrimination Act. On September 19, 2009, the EEOC dismissed Plaintiff's complaint and apprised him of his legal rights to pursue further action in court.

Pursuant to the EEOC's Notice of Suit Rights letter, the Plaintiff filed a complaint alleging employment discrimination in the Cuyahoga County Court of Common Pleas. On January 19, 2010 the Defendant, MPI's Motion for Removal to Federal Court was granted. (Doc. 1). Later, on January 22, 2010, Defendant filed a FRCP 12(b)(6) Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May be Granted. (Doc. 4). On April 16, 2010, the case was referred to the Magistrate Judge for general pretrial supervision.  During a status conference on May 12, 2010, the Magistrate Judge ordered Plaintiff to either file a response to the Motion to Dismiss or file an Amended Complaint by June 6, 2010. (Doc. 7). Plaintiff's Amended Complaint was filed on June 4, 2010, followed by the Defendant's second 12(b)(6) Motion to Dismiss on June 18, 2010. (Doc. 8). On July 2, 2010, the Plaintiff filed a Memorandum in Opposition to the Defendant's Motion to Dismiss. (Doc. 9). And on July 9, 2010, the Defendant filed a Reply Brief in response to the Plaintiff's Memorandum in Opposition. (Doc. 10)..

On July 13, 2010, the Magistrate Judge entered his Report and Recommendation.  On August 10, 2010, Plaintiff submitted his Objections to Magistrate Judge McHargh's Report and Recommendation.

**II. LAW AND ANALYSIS**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made.  A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  "A party may not file a general objection to the entirety of the magistrate's report."  *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

In the instant matter, Plaintiff merely repeats his claims as stated in his Amended Complaint and argues that Defendant's actions were extreme and outrageous.   Plaintiff does not outline any areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Plaintiff's submission simply recites his objection; but is the equivalent of an utter failure to object.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and

Recommendation of the Magistrate Judge, and grants Defendant's Motion to

Dismiss.   The Report and Recommendation is incorporated by reference.


**IT IS SO ORDERED.**

**DATE: 8/11/2010**

**S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**