UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MANGLESHWAR D. MATHUR,** | ) | **CASE NO. 1:10CV121** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MERIAM PROCESS TECHNOLOGIES,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

### I. ISSUE

This matter is before the Court on the Report and Recommendation of the Magistrate Judge regarding Defendant Meriam Process Technologies' Motion (Doc. 41) for Summary Judgment. The Court grants Meriam's Motion for Summary Judgment and adopts the Report and Recommendation.

### II. PROCEDURAL HISTORY

Plaintiff Mangleshwar Mathur ("Mathur") filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendant Meriam Process Technologies ("Meriam"), alleging intentional infliction of emotional distress and wrongful termination due to age and nationality in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII. Meriam filed a successful Notice of Removal (Doc. 1) to United States District Court for the Northern District of Ohio. Meriam then filed a Motion to Dismiss (Doc. 8) the emotional distress claims, which was granted. Subsequently,

Meriam filed a Motion for Summary Judgment.  Mathur filed a Reply in Opposition to the Motion for Summary Judgment (Doc. 42) and Meriam filed a Reply in Support of its Motion for Summary Judgment (Doc. 45).

The Magistrate Judge recommended Summary Judgment be granted (Doc. 46).  Mathur filed Objections (Doc. 48) to the Report and Recommendation and Meriam filed a Response (Doc. 49) to Mathur's objections.  In Mathur's Objections, he challenges the Magistrate Judge's recommendation of summary judgment with regard to the age discrimination claim under the ADEA but fails to challenge the recommendation of summary judgment regarding the national origin discrimination claim under Title VII.

### III. FACTS

For economic reasons, Meriam instituted a reduction in workforce.  On January 28, 2009, Meriam terminated Mathur who worked as a software developer.  (Doc. 46 at 1).  Mathur had emigrated from India and was 69 years old.  *Id*.  At the time Mathur was terminated, a white, 33 year old worker, Jeremy Kellner ("Kellner"), was not terminated.  *Id*. at 11.  While working at Meriam, Mathur alleges that his immediate supervisor, Thomas Davis ("Davis"), asked Mathur whether he was considering retirement and if he was drawing social security benefits.  (Doc. 46 at 5).  Meriam argues that Davis' comments are irrelevant because Davis did not make the decision to terminate Mathur.  (Doc. 49 at 5).  Meriam contends that its Manager of Engineering, Steven Walker ("Walker"), actually made the decision to terminate Mathur.  *Id*.  Meriam also argues that Mathur's allegation is insufficient to survive a summary judgment.

In addition to Davis' comments, Mathur argues that his performance review showed he

scored higher than Kellner. Mathur presented evidence that he scored higher in communication and problem solving than Kellner in a 2008 performance review, but was ranked equally in those categories when evaluated later during the reduction in workforce. (Doc. 42, Ex. B1 at 1-3). Mathur believes the reduction in workforce evaluation utilized "subjective criteria," including scores for innovation and creativity. (Doc. 48 at 6). He argues the subjective criteria show a pretext for discrimination.

Finally, Mathur asserts that Meriam terminated him in violation of its company policy to afford weight to seniority in termination decisions, as expressed in the company's 2005 employee handbook. *Id*. at 5. Meriam argues that the handbook contained an exception for reduction in workforce actions and also that a different handbook was in effect during the year Mathur was fired.

### IV. STANDARD OF REVIEW

**A. Civil Rule 72(b) Standard**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order. *US v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**B. Civil Rule 56(c) Standard**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at 1347. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*., 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477

U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## V. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mathur raises several objections to the Report and Recommended Decision of the Magistrate Judge.

### 1. Mathur's testimony that Davis decided to terminate Mather.

Mathur's first objection to the Magistrate Judge's Report and Recommended Decision is that the Magistrate Judge wrongly found no triable issue regarding whether Davis made the decision to terminate Mathur.  Mathur alleges that the Human Resources Manager personally told him that Davis made the decision to terminate; and Mathur argues that his own testimony regarding that statement is sufficient to present a triable issue of fact.  (Doc. 42 at 4).

In order to survive a motion for summary judgment without direct evidence of discrimination, the plaintiff must state a prima facie case under the *McDonnell Douglas* test.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  The plaintiff must satisfy four elements under the *McDonnell Douglas* test: "1) that he was a member of a protected class; 2) that he was discharged; 3) that he was qualified for the position held; and 4) that he was replaced by someone outside of the protected class."  *Geiger v. Tower Automotive*, 579 F.3d 614, 622 (6th Cir. 2009).  Plaintiffs do not need to show they were replaced by a person outside of a protected class in cases where the

discharge occurred during a reduction in workforce. *Cichewicz v. UNOVA Indus. Auto Sys., Inc.*, 92 F. App'x 215, 218 (6th Cir. 2004). Instead, plaintiffs carry the burden of presenting "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Geiger*, 579 F.3d at 623 (quoting *Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990)). Mathur argues that his testimony regarding Davis' role in the termination is sufficient to show the discharge was for impermissible reasons.

The Magistrate Judge correctly held that Mathur's testimony is not enough to create a genuine issue of material fact. The only evidence to show that Davis played a role in the termination is Mathur's "own statement" that the Human Resources Manager said Davis made the decision. (Doc. 46 at 13). The Sixth Circuit has held that "[s]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden ... of demonstrating animus." *Geiger*, 579 F.3d at 621 (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998)). Meriam claims that the Head of the Engineering Department made the decision to terminate and that Davis was not involved in that decision. (Doc. 41 at 19; Doc. 49 at 5). Additionally, Meriam presented an e-mail from the Human Resources Manager showing the manager's own assessment of employees for termination. (Doc. 32, Exhibit A at 4-5). Mathur's testimony is the only evidence that Davis was involved in the termination decision. This allegation is insufficient evidence for a reasonable trier of fact to find that Davis was a decisionmaker; therefore, Mathur has failed to present a prima facie case of discrimination.

Mathur also argues that Davis' comments are sufficient evidence of discrimination: "a plaintiff could establish a prima facie case by showing that ... the employer made statements indicative of a

discriminatory motive." (Doc. 48 at 4) (citing *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 265 (6th Cir. 2010)).  The quote from *Schoonmaker* is dicta.  In that case, the plaintiff argued that the statements at issue were inconsistent justifications for termination and offered the statements as evidence of *pretext*, not a prima facie case of discrimination.  *Schoonmaker*, 595 F.3d at 268.  Additionally, the Sixth Circuit went on to find in *Schoonmaker* that inconsistent statements regarding the reason for termination were not sufficient to establish pretext when uttered by a person who "was not the decisionmaker."  *Id*. at 269.  Because there is no evidence to show Davis was a decisionmaker other than Mathur's allegation, Davis' statements are not "sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age."  *Id*. at 265.

### 2. Comments by Davis as showing Mathur's age was a motivation.

Mathur next argues that the Magistrate Judge erred in failing to find that Davis' comments "raise triable issues that Mathur's age was a factor in Davis' decision." (Doc. 48 at 3).  However, as Mathur concedes, Davis' comments are only relevant if Davis was a decisionmaker with respect to the termination.  ("While acknowledging the analysis of Mathur's claims turns on whether or not Thomas Davis was the decision maker, the Magistrate Judge erroneously determined there were no triable issues that Davis ... made the decision."  Doc. 48 at 1).  Because Mather has not presented any evidence to show Davis was a decisionmaker, Davis' comments are not sufficient to establish a prima facie case under *McDonnell Douglas*.

Even if Davis played a role in the decision to terminate, Davis' comments are not sufficient evidence to create a genuine issue of material fact.  Meriam is correct that the only evidence Davis

actually made the comments is Mathur's own assertion. (Doc. 49 at 6). The Sixth Circuit has made clear that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mathur's allegation is insufficient for a reasonable trier of fact to find discriminatory animus.

Lastly, Mathur argues that Davis' statements do not need to be considered a "smoking gun" to qualify as *direct* evidence according to this Court's holding in *Berry v. American Red Cross*, No. 5-2913, 2008 WL 271665 (N.D. Ohio 2008). (Doc. 48 at 3, fn. 1). However, in *Berry*, there was more evidence of a discriminatory statement than merely the plaintiff's allegation. In fact, the defendant conceded making the insensitive remarks in question. *Berry*, at *4. Additionally, Davis' statements do not constitute direct evidence here because they do not, "if believed, require[] the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (quoting *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Discriminatory comments that are sufficient to constitute *direct* evidence "will be similar to an employer telling its employee that 'I fired you because you are disabled.'" *Das v. Ohio State University*, 115 F. Supp. 2d 885, 889 (S.D. Ohio 2000) (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998)). Here, according to Mathur, Davis asked if Mathur was contemplating retirement or collecting social security benefits. The Magistrate Judge correctly concluded that the alleged comments are not clearly discriminatory as to constitute direct evidence.

### 3. Deviation from company handbook as showing discriminatory motivation.

Mathur also asserts that the Magistrate Judge "failed to construe the terms of Meriam's handbook in a light most favorable to Mathur." (Doc. 48 at 5). Mathur contends that his termination violated Meriam's 2005 employee handbook, which recognized that "length of service with the company is of prime importance, other factors being equal ... in matters concerning ... your future employment." (Doc. 40-2 at 39). Mathur points to the Ninth Circuit which held that summary judgment is inappropriate where an employer terminates an employee in violation of the company policy favoring the retention of older workers. (Doc. 48 at 5) (identifying *Diaz v. Eagle Produce, Ltd., P'ship*, 521 F.3d 1201, 1214 (9th Cir. 2008)). But this is not binding precedent. And even applying the rule from *Diaz*, there are insufficient facts to show deviation from a company policy here. The company handbook did not emphasize an employee's seniority when a reduction in workforce is implemented. The Magistrate Judge correctly identified the company handbook's explicit exception that "seniority can be broken ... because of a reduction in force." (Doc. 40-2 at 39). Because no company policy was violated by the termination, there is no evidence of discrimination.

Meriam asserts in its Response that both Mathur and the Magistrate Judge evaluated the wrong handbook: the 2005 handbook instead of the subsequent 2008 handbook. Human Resources Manager Bonnetta DuBreuil declared that the 2008 handbook was in effect for more than a year before Mathur's termination and that it contained no seniority provision. (Doc. 41-1 at ¶14 and Ex. 3). Because Mathur has not presented evidence that the termination departed from company policy under the 2008 handbook in effect at the time, Mathur's argument is without merit.

### 4. Report ignoring subjective evaluations.

Mathur lastly argues that the Magistrate Judge failed to skeptically view Mathur's performance evaluation.  Mathur presented evidence that he scored higher in communication and problem solving than Kellner in his 2008 performance review, but was ranked equal in those categories by a separate reduction in workforce evaluation.  (Doc. 42, Ex. B1 at 1-3).  Mathur also asserts that the Magistrate Judge failed to skeptically view the reduction in workforce evaluation scores regarding innovation and creativity.  He argues that his ranking was lowered due to these "subjective" components.  (Doc. 48 at 6).

The Magistrate Judge correctly held that the performance review is not sufficient evidence of a discriminatory animus.  There is no evidence that any of the scores or rankings were made with a discriminatory motive.  Even if the reduction in workforce criteria should have included the rankings from the 2008 performance review, that is not evidence of discrimination.  This Court has held that "[a]n employer may make employment decisions 'for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.'" *Brown v. Renter's Choice, Inc.*, 55 F. Supp. 2d 788, 795 (N.D. Ohio 1999) (quoting *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984)).  Evidence that Meriam made the wrong decision is not evidence of discrimination.

Mathur further insists that "the factfinder's disbelief of the reasons put forward by the defendant ... may, together with the elements of the prima facie case, suffice to show intentional discrimination." (Doc. 48 at 7) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).  According to Mathur, Meriam once argued that it retained Kellner over Mathur because

Kellner was more productive; but now instead "relies upon a subjective component" as a basis for retaining Kellner. (Doc. 48 at 6). Mathur's pretext argument is irrelevant, however, because he has not satisfied the elements of a prima facie case and has failed to create a genuine issue of material fact. The Magistrate Judge correctly held that this case turns upon Mathur's inability "to make the *prima facie* case necessary to show wrongful termination under the ADEA." (Doc. 46 at 6).

## VI. CONCLUSION

As set forth above, the Magistrate Judge's Report and Recommendation is adopted. Mathur failed to present a prima facie case of wrongful termination under the ADEA. In addition, Mathur did not object to the Magistrate Judge's Recommendation of Summary Judgment regarding the claim of national origin discrimination under Title VII. Therefore, the Magistrate Judge's Report and Recommendation is adopted in its entirety, and the Motion for Summary Judgment (Doc. 41) of Defendant, Meriam Process Technologies, is GRANTED.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: May 31, 2012**